MICHAEL FAILLACE & ASSOCIATES, P.C.
Sara Isaacson, Esq. [SI 8937]
Michael Faillace, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
Phone: 212-317-1200
Fax:    212-317-1620
E-mail: sisaacson@faillacelaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------X
CARLOS PICANS TROITINO and JANET ELGUETA, *individually and on behalf of others similarly situated,*

                *Plaintiffs*,

-against-

ASIMRAS LLC (d/b/a PALEIO BAR & GRILL), and ANTONIO GOMES
                *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Carlos Picans Troitino and Janet Elgueta, individually and on behalf of others similarly situated (hereinafter "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Defendants Asimras LLC (d/b/a Paleio Bar & Grill) ("Defendant Corporation") and Antonio Gomes (collectively "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are former employees of Defendants Asimras LLC and Antonio Gomes.

2. Defendants owned, operated and controlled a bar/grill located at 376 Ferry Street, Newark, New Jersey 07105 under the name "Paleio Bar & Grill."

3. Upon information and belief, Individual Defendant Antonio Gomes serves or served as owner, manager, principal or agent of Asimras LLC, and upon information and belief, through the corporate entity operated or operated the restaurant as a joint or unified enterprise.

4. Plaintiffs were ostensibly employed as bartenders and servers, but they also were required to perform other restaurant worker duties such as cleaning the bar, sweeping the floor, stocking the refrigerator with drinks, painting the restaurant, preparing new tables, going on errands picking up things needed for the restaurant, polishing silverware, preparing the kitchen, preparing sandwiches if the kitchen was closed, arranging things in the basement, restaurant repairs, taking out the trash, deconstructing and tying up boxes, and occasionally delivering food.

5. Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked each week.

6. Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

7. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

8. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

9. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

11. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New Jersey within this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operated a bar/grill located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

12. Plaintiff Carlos Picans Troitino ("Plaintiff Picans" or "Mr. Picans") is an adult individual residing in Essex County, New Jersey.

13. Plaintiff Picans was employed by Defendants from approximately March 2014 until on or about August 22, 2015.

14. Plaintiff Picans consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

15. Plaintiff Janet Elgueta ("Plaintiff Elgueta" or "Ms. Elgueta") is an adult individual residing in Essex County, New Jersey.

16. Plaintiff Elgueta was employed by Defendants from approximately February 2015 until on or about July 2015.

17. Plaintiff Elgueta consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. Defendants owned, operated and controlled a bar/grill located at 376 Ferry Street, Newark, New Jersey 07105 under the name "Paleio Bar & Grill" at all times relevant to this complaint.

19. Defendant Asimras LLC is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintained an office located at 376 Ferry Street, Newark, New Jersey 07105.

20. Defendant Antonio Gomes is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Antonio Gomes is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Antonio Gomes possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Antonio Gomes determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants operated a restaurant at 376 Ferry Street, Newark, New Jersey 07105 under the name Paleio Bar & Grill.

22. Defendants maintained as their principal place of business a centralized office at 376 Ferry Street, Newark, New Jersey 07105.

23. Individual Defendant Antonio Gomes possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Defendants possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26. Therefore, for the above and other reasons, Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 *et seq*.

27. In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

28. Upon information and belief, Defendant Antonio Gomes operated Asimras LLC, as an alter ego of himself, and/or fail to operate Asimras LLC as an entity legally separate and apart from himself, by, amongst other things,

   (a) failing to adhere to the corporate formalities necessary to operated Asimras LLC as a corporation;

   (b) defectively forming or maintaining the corporate entity of Asimras LLC, by amongst other things failing to hold annual meetings or maintaining appropriate corporate records;

   (c) transferring assets and debts freely as between all Defendants;

   (d) operating Asimras LLC, for his own benefit as the sole or majority member,

   (e) operating Asimras LLC , for his own benefit and maintaining control over it as a closed corporation;

   (f) intermingling assets and debts of his owned with those of Asimras LLC ;

   (g) diminishing and/or transferring assets to avoid full liability as necessary to protect his own interests; and

   (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

29. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

30. In each year from 2014 to 2015, Defendants had gross annual sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous supplies and materials that were used in the restaurant on a daily basis were produced outside of the State of New Jersey.

*Plaintiffs*

*Plaintiff Carlos Picans Troitino*

32. Plaintiff Picans was employed by Defendants as a bartender and a server from approximately March 10, 2014 until on or about August 22, 2015.

33. Plaintiff Picans' work duties required neither discretion nor independent judgment.

34. In the performance of his work duties, Plaintiff Picans handled goods that traveled in interstate commerce every day, including but not limited to the alcoholic drinks that he made regularly.

35. Throughout his employment with Defendants, Plaintiff Picans regularly worked in excess of 40 hours per week.

36. From approximately March 10, 2014 until on or about August 22, 2015, Plaintiff Picans worked from approximately 5:00 p.m. until on or about 2:00 a.m. Tuesdays to Thursdays, from approximately 11:00 a.m. until on or about 4:00 a.m. Fridays and Saturdays, and from approximately 11:00 a.m. until on or about 3:00 a.m. on Sundays (typically 77 hours per week).

37. From approximately March 10, 2014 until on or about July 25, 2014, Defendants paid Plaintiff Picans a fixed bi-weekly salary of $600.00, specifically $200.00 by check and $400.00 in cash.

38. From approximately July 26, 2014 until on or about August 22, 2015, Plaintiff Picans only received tips during this time period.

39. In September 2015, Defendants paid Plaintiff Picans $4,000.00 by check for the unpaid time.

40. In addition in January 2016 and June 2016, Defendants paid Plaintiff Picans 2 checks for $15,000.00 but the checks bounced.

41. Plaintiff Picans' salary did not vary regardless of how many additional hours he worked in a week.

42. For example, Defendants regularly required Plaintiff Picans to work 1 hour past his regular departure time on the weekends, without paying him any additional compensation.

43. Throughout his employment, Defendants never granted Plaintiff Picans any meal break or rest period at any kind during his work hours on the weekdays.

44. Plaintiff Picans was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

45. Defendants did not provide Plaintiff Picans with any document or other statement that accurately accounted for Mr. Picans' actual hours worked, and set forth by day any deductions or credits taken against his wages.

*Plaintiff Janet Elgueta*

46. Plaintiff Elgueta was employed by Defendants as a bartender and a server from approximately February 2015 until on or about July 2015.

47. Plaintiff Elgueta's work duties required neither discretion nor independent judgment.

48. In the performance of her work duties, Plaintiff Elgueta handled goods that traveled in interstate commerce every day, including but not limited to the alcohol that she used regularly in the making of alcoholic drinks.

49. Throughout her employment with Defendants, Plaintiff Elgueta regularly worked in excess of 40 hours per week.

50. From approximately February 2015 until on or about July 2015, Plaintiff Elgueta worked from approximately 6:00 p.m. until on or about 2:00 a.m. three days a week and from approximately 12:00 p.m. until on or about 3:00 a.m. on Saturdays and Sundays (typically 54 hours per week).

51. From approximately February 2015 until on or about July 2015, Defendants paid Plaintiff Elgueta a fixed daily salary of $50 in cash.

52. However, Defendants paid her full daily salary only for the first three weeks, and did not pay her the full daily salary for the rest of the time she worked there.

53. In addition, Defendants did not pay Plaintiff Elgueta's any salary for the last eight weeks she worked for them.

54. Plaintiff Elgueta's salary did not vary regardless of how many additional hours she worked in a week.

55. For example, Defendants regularly required Plaintiff Elgueta to work 30 minutes past her regular departure time waiting for the next shift to arrive, without paying her any additional compensation.

56. Throughout her employment, Defendants never granted Plaintiff Elgueta any meal break or rest period of any kind during her work hours on the weekdays.

57. Plaintiff Elgueta was not required to keep track of her time, nor to her knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected her actual hours worked.

58. Defendants did not provide Plaintiff Elgueta with any document or other statement that accurately accounted for her actual hours worked, and set forth by day any deductions or credits taken against her wages.

*Defendants' General Employment Practices*

59. Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper regular rate of pay and/or overtime wages.

60. Defendants' pay practices resulted in Plaintiffs (and all similarly situated individuals) not receiving payment for all of their hours worked, so their effective rate of pay was reduced below the minimum wage.

61. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act by neglecting to maintain accurate and complete timesheets and payroll records.

62. Upon information and belief, this was done to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, and (2) for overtime due.

63. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

**FLSA COLLECTIVE ACTION CLAIMS**

64. Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons

who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

65.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage, overtime at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

66.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

67.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

68.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

69.     Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

70.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

72.     Defendants intentionally, or otherwise, failed to pay Plaintiffs (and the putative FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

73.     Defendants' failure to pay Plaintiffs (and the putative FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of the Overtime Provisions of the FLSA)**

75. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

76. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiffs (and the putative FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

77. Defendants' failure to pay Plaintiffs and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f) Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(i) Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees; and

(j) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 5, 2017

By: /s/ Sara J. Isaacson

MICHAEL FAILLACE & ASSOCIATES, P.C.
Sara J. Isaacson, Esq. [SI 8937]
Michael Faillace, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
Phone: 212-317-1200
Fax:    212-317-1620
E-mail: sisaacson@faillacelaw.com

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 25, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Carlos Picans Troitino

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 _[signature]_

Date / Fecha:                      25 de octubre de 2016

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 23, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Janet Elgueta

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:          [signature]

Date / Fecha:                23 de noviembre de 2016